

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| PERRY BINGLEY, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:15-1313-MGL |
| | § | |
| ANDY STRICKLAND, JODIE TAYLOR, | § | |
| MATTHEW WALKER, DAVID | § | |
| MATTHEWS, and COLLETON COUNTY | § | |
| SHERIFF'S OFFICE, | § | |
| Defendants. | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS ACTION WITH PREJUDICE FOR FAILURE TO PROSECUTE

This case was filed under 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that this action be dismissed with prejudice for failure to prosecute. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 9, 2015, but Plaintiff failed to file any objections.* "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that this action is **DISMISSED WITH PREJUDICE** for failure to prosecute.

**IT IS SO ORDERED**.

Signed this 30th day of June, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

*The Court notes that in the Magistrate Judge's April 2, 2015, Proper Form Order, she directed Plaintiff that he was "ordered to always keep the Clerk of Court advised in writing (United States District Court, 901 Richland Street, Columbia, South Carolina 29201) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, your case may be dismissed for violating this order. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court." ECF No. 6. On April 7, 2015, the Clerk of Court entered Plaintiff's Notice of Change of Address, ECF No. 8, and then mailed another copy of the Proper Form Order to Plaintiff on April 13, 2015, ECF No. 9. The Magistrate Judge filed a second Proper Form Order on May 18, 2015, containing the same language quoted above. On June 9, 2015, two of the Proper Form Orders were returned to the Clerk marked "RETURN TO SENDER[.]" ECF Nos. 14, 15. Evidently, Plaintiff has failed to follow the dictates of the Court to keep the Clerk apprised of any address change.